UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JANETTE KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-CV-0279-PPS-PRC |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| TANGELA BUSH, DONNA BLACK, | ) | |
| DONALD HARRIS, and ARTHUR | ) | |
| BACON | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Janette Kennedy's First Amended Complaint [DE 40] alleges a slew of claims of employment discrimination by her former employer, the United States Postal Service and some of its employees. Before the Court is Defendants' Joint Motion to Dismiss Kennedy's First Amended Complaint [DE 46] and Kennedy's Request for Leave to File Second Amended Complaint or Substitute Proper Party in Interest [DE 53]. For the reasons discussed below, Defendants' Motion is **GRANTED** in part and **DENIED** in part, and Kennedy's Request to Substitute Proper Party in Interest is **GRANTED.**

### BACKGROUND

Kennedy worked for the USPS for nearly 30 years, most recently as a distribution clerk [DE 40, ¶¶ 19-20]. Kennedy is white, a female, and at the time of her termination in August 2009, she was fifty-six years old [*Id.*, ¶¶13-14, 84]. Kennedy suffers from depression and migraines [*Id.*, ¶ 25]. Starting in 2007, Kennedy's health problems worsened and she had a number of absences from work [*Id.*, ¶¶ 33-35]. As a result, Defendants issued Kennedy a Notice of Removal in February 2008 [*Id.*, ¶ 35]. Kennedy responded with a complaint to the EEOC, and as a result, the Notice of Removal was reduced to a 37 Day Last Chance Suspension or

Agreement [*Id.*, ¶¶ 36, 114-15]. The Agreement provided that Kennedy could only have three unscheduled absences from work over a six month period [*Id.*, ¶ 40]. The three permissible unscheduled absences excluded absences covered by the Family and Medical Leave Act [*Id.*, ¶¶ 41-42, 44]. The Agreement also required Kennedy to retire as soon as she was eligible for optional or early retirement [*Id.*, ¶¶ 45-46].

Because of her illnesses, Kennedy missed parts of work on three days in June, July, and October 2008 [*Id.*, ¶¶ 47, 51-52, 74]. USPS treated these absences as non-FMLA related leaves [*Id.*, ¶¶ 51-52, 77]. Additionally, due to a flood in the Northwest Indiana area on September 15, 2008, Kennedy and a number of other postal workers were not able to get to work [*Id.*, ¶¶54, 62]. Defendants counted Kennedy's absence on the day of the flood as "unscheduled," but counted the absences of other employees as "scheduled" [*Id.,* ¶ 62]. Because she missed four unscheduled days of work, the USPS issued Kennedy a Notice of Removal in November 2008, and her termination became final on August 11, 2009 [*Id.*, ¶ 84].

In addition to claims under the FMLA, Kennedy also alleges that USPS employees discriminated against her and harassed her by discussing her medical problems with other employees at the Hammond Post Office [*Id.*, ¶¶125-28, 143], calling her "crazy" and telling her to "take a pill" [*Id.*, ¶¶129-131, 150, 168], standing very close to Kennedy, screaming at her, grabbing mail out of her hands, elbowing her out of the way [*Id.*, ¶¶134, 141, 145-46, 162, 169, 170-72], and holding her time card so that Kennedy would be late for work [*Id.*, ¶ 164]. Kennedy complained about this treatment, but to no avail [*Id.*, ¶¶149, 151-153, 166, 173].

Kennedy's First Amended Complaint [DE 40] alleges two theories under the FMLA, and the Defendants do not challenge those claims in their motion to dismiss. Kennedy also alleges

discrimination based on age, disability and race. For reasons that are not clear, Count III of the complaint encompasses both the claims of age discrimination and disability discrimination.

USPS argues that the exclusive remedy for Kennedy's employment discrimination claims is against the Postmaster General, and that USPS and the individual defendants should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) [DE 47 at 2]. USPS also argues that Kennedy's disability discrimination claim under the ADA must be dismissed because the ADA does not apply to claims of discrimination against federal employees, and that her only avenue for pursuing a disability discrimination claim would be Section 505(a)(1) of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(1) [*Id.*].

As an initial matter, USPS is correct that the proper party for claims of employment discrimination based on age and race – when made against the Postal Service – is the Postmaster General. *Ellis v. United States Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1985). So Postmaster General Patrick R. Donahoe will be substituted as the correct party defendant on those counts alleging age and race discrimination, and the case caption shall be changed to reflect that change. By agreement of the parties, individual defendants Bush, Black, Harris, and Bacon will be dismissed from those counts. However, those individual defendants and the USPS remain as parties as to the FMLA counts.

With the underbrush cleared away, the only question that remains for discussion is whether Kennedy has properly stated a claim for relief for disability discrimination.

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the pleading as true and draw all reasonable inferences in favor of the pleader. The

3

pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. The statement, however, must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly* , 550 U.S. 544, 555 (2007)).

The ADA forbids employers from discriminating against employees because of an employee's disability. *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008). However, the ADA does not apply to claims of employment discrimination by the federal government. *See* 42 U.S.C. §12111(5)(B)(I). Instead, the Rehabilitation Act, 29 U.S.C. §701 *et seq.*, forbids discrimination on the basis of disability by the federal government and entities that it funds and extends the protections of Title VII of the Civil Rights Act to federal employees complaining of discrimination on the basis of disability. *Hedberg v. Indiana Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995); *Hamm v. Runyon*, 51 F.3d 721, 724 (7th Cir. 1995).

On its face, Kennedy's First Amended Complaint only raises the ADA and makes no mention of the Rehabilitation Act. However, she argues that the elements of an ADA claim are very similar to a Rehabilitation Act claim, and that her pleading properly establishes a claim under the Rehabilitation Act [DE 53-1 at 3]. Kennedy is correct that disability claims under the Rehabilitation Act and the ADA are similar. Courts routinely look to cases decided under the ADA to interpret the Rehabilitation Act. *Garg*, 521 F.3d at 736; *Scheerer v. Potter*, 443 F.3d 916, 919 (7th Cir. 2006). The *prima facie* elements of both claims are similar: to establish a *prima facie* case under the Rehabilitation Act, the pleader must allege that she is disabled under the terms of the statute; that she is otherwise qualified to perform the essential functions of the

job, with or without reasonable accomodation; and that she has suffered an adverse employment decision because of the disability. *Scheerer*, 443 F.3d at 918-19. To properly raise an ADA claim, the pleader must additionally allege that similarly situated employees without a disability were treated more favorably. *Dickerson v. Bd. of Trustees of Comm. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011).

Kennedy's failure to identify the correct statute in her complaint is not fatal to her claim. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), have not undermined the principle that plaintiffs need not plead particular legal theories. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 742 (7th Cir. 2010). Instead, I am to ask whether Kennedy could possibly obtain relief under any set of facts that could be established consistent with the allegations in her complaint. *Bartholet*, 953 F.2d at 1078. I find that Kennedy's First Amended Complaint properly pleads a claim for disability discrimination under the Rehabilitation Act by alleging that in 2007-2008, she suffered from depression and migraines so severe that they constituted a disability [DE 40 at ¶ 29], that she could perform her duties as a postal distribution clerk if the USPS accomodated her illness by allowing her short absences [*Id.* at ¶¶ 30-31], and that she was discriminated against and terminated as a result of her disability [*Id.* at ¶¶ 190-191]. Kennedy has therefore pleaded a claim for disability discrimination under the Rehabilitation Act sufficient to survive a motion to dismiss.

Because Kennedy's disability discrimination claim will survive the USPS' Motion to Dismiss, I now turn to the issue of who is the proper defendant to Kennedy's disability discrimination claim. Section 505(a)(1) of the Rehabilitation Act, 29 U.S.C. § 794a(a)(1), extends the "remedies, procedures, and rights" of Title VII of the Civil Rights Act to federal

employees complaining of disability discrimination.  *Hamm*, 51 F.3d at 724.  Because the Rehabilitation Act borrows the procedures and remedies of Title VII, "the exclusive remedy for a claim that a federal agency discriminated against a disabled employee...is a suit against the agency's head." *Id.* at 722, n.1 (citing *McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984).  So similar to the claims of race and age discrimination discussed above, the Postmaster General is the proper party for Kennedy's Rehabilitation Act claim, and he will be ordered substituted as the proper party defendant on that count as well.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants USPS, Bush, Black, Harris, and Bacon's Joint Motion to Dismiss them from Count III (disability and age claims) and Count IV [DE 46] and **DENIES** USPS' Motion to Dismiss Count III (the portion that alleges disability discrimination).  The Court also **GRANTS** Plaintiff Kennedy's Request to Substitute Proper Party and **ORDERS** that the caption be changed to reflect the substitution of Postmaster General Patrick R. Donahoe as the proper defendant to Counts III and IV.  Kennedy's FMLA claims against USPS and the individual defendants remain pending.

**SO ORDERED**.

ENTERED: November 7, 2011 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT